UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
LAWRENCE JOHNSON,
                      Plaintiff

    -against-                          <u>COMPLAINT</u>
                                                <u>AND JURY DEMAND</u>

                                                No.

THE CITY OF NEW YORK, and
POLICE OFFICERS CHRISTOPHER
BECKETT and CHRISTOPHER PASQUALE
of the NEW YORK CITY POLICE
DEPARTMENT,

                    Defendant(s),                w2
_____x

## PRELIMINARY STATEMENT

      1.      This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICERS CHRISTOPHER BECKETT and CHRISTOPHER PASQUALE of the New York City Police Department ("NYPD"), arising out of the use of excessive force and assault and battery against plaintiff LAWRENCE JOHNSON.

      2.      On or about April 4, 2013, POLICE OFFICER CHRISTOPHER BECKETT and CHRISTOPHER PASQUALE of the NYPD, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, assault and battery and use of excessive force against the plaintiff. This unconstitutional use of excessive force against the plaintiff was in violation of plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

      3.      The Plaintiff, LAWRENCE JOHNSON, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4.      This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.      Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly Bronx County.

## PARTIES

7.      Plaintiff at all times relevant hereto resided in the City and State of New York, County of the Bronx.

8.      That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9.      The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, and on information and belief, the defendant POLICE OFFICERS CHRISTOPHER BECKETT and CHRISTOPHER PASQUALE and other members of the NYPD, were at all

times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the individual defendant is named herein both personally and in his official representative capacity as a police officer employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendant alleged herein were done by the individual defendant and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of his authority as a police officer and employee of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14. On or about April 4, 2013, at approximately 2:50 p.m. plaintiff was in his apartment at 907 Southern Boulevard, Apartment 32, Bronx, NY when the POLICE OFFICERS CHRISTOPHER BECKETT and CHRISTOPHER PASQUALE, and other members of the NYPD, forced their way into his apartment where he, his wife and two young children were present.

15. Plaintiff, was dragged out of his bed and handcuffed by POLICE OFFICERS CHRISTOPHER BECKETT and CHRISTOPHER PASQUALE, and other members of the NYPD, who accused plaintiff of threatening his stepson, Anthony Reed, with a gun.

16.     Although plaintiff denied the allegations he was placed under arrest by the defendants.

17.     As a result of the defendants, and other members of the NYPD, violently placing the plaintiff in custody plaintiff suffered injuries to both of his wrists as well as his lower back.

18.     When plaintiff asked POLICE OFFICER CHRISTOPHER BECKETT and CHRISTOPHER PASQUALE and other members of the NYPD to loosen the handcuffs that the defendants had put too tightly on his wrists plaintiff's request was refused.

19.     While still at his apartment, but in police custody, plaintiff explained POLICE OFFICERS BECKETT and CHRISTOPHER PASQUALE, and other members of the NYPD, that he suffered from bladder cancer that was causing him abdominal and pelvic pain and that he needed pain medication in order to properly address his condition.

20.     However, POLICE OFFICERS CHRISTOPHER BECKETT and CHRISTOPHER PASQUALE, and other members of the NYPD, denied plaintiff the opportunity to obtain this pain medication and instead took him to the 41st precinct to process his arrest.

21.     At the 41st precinct where plaintiff continued to complain to POLICE OFFICERS CHRISTOPHER BECKETT and CHRISTOPHER PASQUALE and other members of the NYPD that because he was experiencing severe abdominal and pelvic pain, and was bleeding out of his penis, he needed medical attention and pain medication right away. However, the defendants continued to deny plaintiff's request for medical attention.

22.     On April 5, 2013, following his continued complaints to the defendants, and other members of the NYPD, about his pain, plaintiff, still in custody, was taken by ambulance to Lincoln Medical and Mental Health Center, at 234 East 149th Street, Bronx, NY, where he finally received

medical attention and pain medication more than one day after plaintiff first complained to the defendants that he needed his medication.

23. As a result of not immediately addressing the plaintiff's medical condition, the defendants, and other members of the NYPD, denied plaintiff the medical care that he should have been given and plaintiff unnecessarily suffered extreme abdominal and pelvic pain for approximately one day.

24. As a result of being handcuffed too tightly by the defendants, and other members of the NYPD, both of plaintiff's wrists were bruised and plaintiff currently suffers from a clicking sensation, scarring and pain in his right wrist.

25. Plaintiff has extreme pain in his lower back as result of the defendants, and other members of the NYPD, injuring his lower lumbar region when they placed him in custody.

26. As a result of this lower back pain plaintiff has received, and continues to receive, medical attention.

27. As a result of the pain that plaintiff suffered to his back and wrist his ability to work has been greatly diminished.

28. Although plaintiff was not involved in any criminal activity at the apartment where he was arrested he was charged with Penal Law § 120.14 (1) § (Menacing in the Second Degree); Penal Law § 265.01 (2) (Criminal Possession of a Weapon in the Fourth Degree); Penal Law § 120.15 (Menacing) and Penal Law § 240.26 (1) Harassment in the Second Degree.

29. After many appearances in Bronx Criminal Court, the charges were dismissed.

30. Plaintiff suffered physical pain and emotional distress because of the way he was treated by the defendants, and other members of the NYPD.

31. Plaintiff, while in custody for approximately two days, was in persistent pain.

32. Defendants acted maliciously and intentionally.

33. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, loss of liberty, loss of proper medical care and physical pain and suffering to his back and wrist.

### FIRST CLAIM FOR RELIEF
### (EXCESSIVE FORCE)

34. Paragraphs 1 through 33 are herein incorporated by reference.

35. Defendants, and other members of the NYPD, in denying plaintiff pain medication for approximately 24 hours, handcuffing plaintiff too tightly, and hurting plaintiff's back, subjected plaintiff to excessive force.

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

37. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(MUNICIPAL LIABILTY)

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

40. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

41. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

42. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

43. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

44. Defendants subjected plaintiff to false arrest and false imprisonment.

45. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

46. Paragraphs 1 through 45 are incorporated herein by reference.

47. Defendant POLICE OFFICERS CHRISTOPHER BECKETT and CHRISTOPHER PASQUALE, and other members of the NYPD, illegally subjected plaintiff him to excessive force and deprivation of liberty without probable cause.

48. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

49. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.  Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.  Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (FOURTEENTH AMENDMENT)

50.  Paragraphs 1 through 49 are incorporated herein by reference.

51.  Defendants POLICE OFFICERS CHRISTOPHER BECKETT and CHRISTOPHER PASQUALE, and other members of the NYPD, illegally subjected plaintiff excessive force and deprivation of liberty without probable cause.

52.  That as a result of the foregoing, the plaintiff has been deprived of her following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

53.  Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.  In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.   Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.   Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.   Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

Dated: New York, New York
       March 29, 2016

                                    FINK & KATZ, PLLC
                                    /s/ Jonathan A. Fink

                    By:   Jonathan A. Fink
                          Plaintiff's Attorney

**Attorneys for Plaintiff**
Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 689-1710